DIRCK J. EDGE, ESQ. (CA BAR NO. 112618)
LAW OFFICE OF DIRCK J. EDGE
40880 Via los Altos
Temecula, CA 92591
Phone: (951) 587-6546
Fax: (951) 676-0716
Email: dirckedge@djedgelaw.com

Attorney for Plaintiff Medical
  Extrusion Technologies, Inc., a
  California corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL EXTRUSION TECHNOLOGIES, INC., a California corporation,<br><br>               Plaintiff,<br><br>   vs.<br><br>APOLLO MEDICAL EXTRUSION TECHNOLOGIES, INC., a Delaware corporation,<br><br>              Defendant. | Civil Action No. '17CV2150 AJB KSC<br><br>**COMPLAINT FOR (1) *DE NOVO* REVIEW OF DECISION OF THE TRADEMARK TRIAL AND APPEAL BOARD (2) TRADEMARK INFRINGEMENT, (3) UNFAIR COMPETITION, and (4) UNFAIR TRADE PRACTICES; DEMAND FOR JURY TRIAL** |

Plaintiff Medical Extrusion Technologies, Inc. hereby complains as follows:

1. This Complaint seeks a *de novo* review, pursuant to § 21(b) of the Federal Trademark Act, 15 U.S.C. § 1071(b), of a final decision of the Trademark Trial and appeal Board (the "Board"), an administrative court within the U.S. Patent and Trademark Office (the "USPTO"), and also asserts claims for trademark infringement and unfair competition arising under §§ 32(1), 43(a) and 43(c) of the Federal Trademark Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c), respectively, and the common law and statutes of the State of California. The matter in

1

controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2.  This Court has jurisdiction of the subject matter and the parties under § 39 of the Federal Trademark Act, 15 U. S. C. § 1121, § 21(b) of the Federal Trademark Act, 15 U.S.C. § 107(b) and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367. This Court has supplemental jurisdiction over the claims arising under state law in that such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.  Plaintiff Medical Extrusion Technologies, Inc. (hereinafter "Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal office located at 2668 Pierce Circle, Murrieta, CA 92562.

4.  On information and belief, Defendant Apollo Medical Extrusion Technologies, Inc. (hereinafter "Defendant Apollo") is a corporation organized and existing under the laws of the State of Delaware, and doing business in California with its principal place of business in California located within this judicial district at 3508 Seagate Way, Suite 170, Oceanside, CA 92056.

5.  Venue in this Judicial District is proper under 28 U.S.C. § 1391(b), as Defendant Apollo is a resident of California within this judicial district.

### Background

6.  On May 7, 2013, Plaintiff filed for registration with the USPTO" the mark "Medical Extrusion Technologies" (hereinafter the "Mark") claiming first use of the Mark in September of 1990,

2

and use in commerce since that date (hereinafter the "Application"). The Application was assigned Serial No. 85925459 by the USPTO.

7. After the Mark was approved for publication by the USPTO, Defendant Apollo filed an opposition proceeding on November 20, 2014, objecting to registration of the Mark (the "Opposition Proceeding").

8. The Opposition Proceeding was assigned Opposition No. 91219435.

9. On August 18, 2017, the Trademark Trial and Appeal Board ("TTAB") issued a final ruling on the Opposition Proceeding against Plaintiff, refusing to register the Mark (the "TTAB Ruling"). A true and correct copy of the TTAB Ruling is attached hereto as Exhibit "A", and is incorporated herein by this reference.

10. At all times relevant herein, Plaintiff has used, in addition to the Mark alone, a logo displaying the Mark, the letters "MET" and a stylized drawing of tubing, all as depicted on Exhibit "B" hereto (hereinafter the "Logo"), which is incorporated herein by this reference.

11. Plaintiff has continuously used the Mark in connection with the advertising, marketing and sale of its goods and services in interstate commerce since 1990 and in the State of California since well prior to Defendant's first use of the Mark.

12. The Mark, which Plaintiff owns as a trademark, is inherently distinctive, or, in the alternative, has acquired a secondary meaning through the use of the Mark by Plaintiff.

/ / /

13.   Furthermore, Plaintiff has continuously used the Logo in connection with the advertising, marketing and sale of its goods and services in interstate commerce since 1990 and in the State of California since well prior to Defendant's first use of any confusingly similar logo.

14.   The Logo, which Plaintiff owns as a trademark, is inherently distinctive.

15.   On information and belief, at least one individual involved in the formation of Defendant Apollo interviewed with Plaintiff for an employment position shortly before Defendant Apollo was formed.  This individual was not hired by Plaintiff.

16.   On information and belief, beginning in or about 2014, and continuing at various times thereafter, Defendant Apollo used the Mark as part of its name Apollo Medical Extrusion Technologies, in connection with the advertising, marketing and sale of its goods and services in interstate commerce, which goods and services directly competed, in many instances, with Plaintiff's goods and services.

17.   The conduct of Defendant alleged in paragraph 16 above was undertaken willfully, without the consent of Plaintiff, and in a manner likely to cause confusion among consumers in the industry as to the source, affiliation or approval of the goods and services offered by Defendant Apollo.

18.   On information and belief, beginning in or about 2014, and continuing at various times thereafter, Defendant Apollo used a logo which was confusingly similar to Plaintiff's Logo (the "Confusing Logo"), in connection with the advertising, marketing and sale of its goods and services in interstate commerce, which

4

goods and services directly competed, in many instances, with Plaintiff's goods and services. An example of a Confusing Logo used by Defendant Apollo is attached hereto as Exhibit "C", which is incorporated herein by this reference.

19. The conduct of Defendant alleged in paragraph 18 above was undertaken willfully, without the consent of Plaintiff, and in a manner likely to cause confusion among consumers in the industry as to the source, affiliation or approval of the goods and services offered by Defendant Apollo.

20. The acts, or omissions, alleged in paragraphs 16 through 19 above, inclusive, are hereinafter referred to as the "Infringing Conduct."

21. On information and belief, Defendant Apollo, following demand by Plaintiff in September of 2014 that it cease and desist the Infringing Conduct, backed away from the use of the phrase "Medical Extrusion Technologies" in marketing efforts, including at trade shows, on its web site, and through social media, such as Facebook, instead referring to itself as "Apollo Medical Extrusion" (the "Retreat").

### COUNT I – *DE NOVO* JUDICIAL REVIEW OF TRADEMARK TRIAL
### AND APPEAL BOARD DECISION
### (Against Defendant Apollo)

22. Plaintiff refers to, and incorporates herein by this reference paragraphs 1 through 21, inclusive, above.

23. Plaintiff failed to prevail, and is aggrieved by the TTAB Ruling, which is a final decision by that tribunal, and therefore seeks a *de novo* judicial review of the TTAB Ruling

pursuant to § 21(b) of the Federal Trademark Act, 15 U.S.C. § 1017(b).

24. The TTAB Ruling erred, *inter alia*, by failing to find that the Mark was registerable, by admitting certain evidence, and failing to find support for its decision through substantial evidence.

25. Plaintiff is entitled to a *de novo* review, and hereby seeks a *de novo* review, of the matters asserted in the Application, and determined adversely to Plaintiff by the TTAB Ruling.

## COUNT II – TRADEMARK INFRINGEMENT

## (Against Defendant Apollo)

26. Plaintiff refers to, and incorporates herein by this reference paragraphs 1 through 25, inclusive.

27. Plaintiff is informed and believes that at some time following the Retreat, beginning in the latter half of 2015, or thereafter, Defendant Apollo began using the Mark and the Confusing Logo, and continued to use the Mark and the Confusing Logo, on its web site, in promotional material, and on social media, such as Facebook (the "Resumption").

28. Plaintiff is informed and believes that, following the Resumption, Defendant Apollo resumed the Infringing Conduct, and continues engaging in the Infringing Conduct to the present time.

29. The Infringing Conduct illegally infringes Plaintiff's trademarks, the Mark, as well as Plaintiff's Logo, under Federal law, State law and common law.

30. Unless enjoined by this Court, Defendant Apollo will continue to infringe Plaintiff's trademarks, thereby deceiving

6

industry consumers and causing Plaintiff immediate and irreparable harm for which it has no adequate remedy at law.

## COUNT III – UNFAIR COMPETITION

### (Against Defendant Apollo)

31. Plaintiff refers to, and incorporates herein by this reference paragraphs 1 through 30, inclusive.

32. Defendant Apollo is engaged in acts of unfair competition under § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1), and at common law.

33. Defendant Apollo's use of the Mark, and the Logo, in the manner hereinabove alleged constitutes a false designation of origin within the meaning of § 43(a)(1) of the Federal Trademark Act, 15 U.S.C. § 1125(a)(1).

34. The nature and probable tendency and effect of Defendant Apollo's use of the Mark, and the Logo, in the manner hereinabove alleged is to enable Defendant to confuse or deceive the public or others by misrepresenting that Defendant Apollo's products are in some way sponsored or approved by Plaintiff and/or that Defendant Apollo is affiliated with Plaintiff, and therefore constitutes unfair competition under Cal. Bus. and Prof. Code § 17200 *et seq.*, and at common law.

35. Unless enjoined by this Court, Defendant Apollo will continue said acts of unfair competition, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

/ / /

/ / /

/ / /

## COUNT IV - UNFAIR TRADE PRACTICES

### (Against Defendant Apollo)

36. Plaintiff refers to, and incorporates herein by this reference paragraphs 1 through 35, inclusive.

37. Defendant Apollo is engaged in unfair trade practices in violation of the California Unfair Trade Practices Act, Cal. Bus. and Prof. Code § 17200 *et seq*.

38. Defendant Apollo's use of the Mark, and the Logo, in the manner hereinabove alleged constitutes a deceptive act and an unfair method of competition resulting in a likelihood of deception that has proximately caused actual injury to Plaintiff's business in violation of Cal. Bus. and Prof. Code § 17200 *et seq*.

39. Unless enjoined by this Court, Defendant Apollo will continue said unfair trade practices, thereby causing Plaintiff immediate and irreparable injury for which it has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully prays that:

1. The Court enter judgment reversing the final decision of the Trademark Trial and Appeal Board in Opposition No. 91219435, and direct the USPTO to immediately register Plaintiff's Mark.

2. Enter judgment that Defendant Apollo has infringed the rights of Plaintiff in the Mark and the Logo, has engaged in acts of unfair competition and unfair trade practices, and has otherwise injured Plaintiff's business reputation by engaging in the Infringing Conduct.

3. Defendant Apollo and each of its agents, employees, servants, attorneys, successors and assigns, and all others in

8

privity or acting in concert therewith, be preliminarily and permanently enjoined from:

(a) Using any trademark, service mark, corporate name, domain name or other commercial indication of origin that consists of or incorporates the Mark, the Logo, or any other trademark, service mark, corporate name, domain name, or other commercial indication of origin that is confusingly similar to Plaintiff's trademarks;

(b) Competing unfairly with Plaintiff or otherwise injuring Plaintiff's business reputation in the manner complained of herein; and

(c) Engaging in unfair business practices in the manner complained of herein.

4. Defendant Apollo be directed to deliver up for destruction or other disposition by Plaintiff all of the following materials which are in Defendant's possession, custody and/or control: all advertisements, brochures, labels, packaging, signs, prints, decals, business cards, order forms, and all other materials that bear or are labeled with (a) the Mark, or (b) any Confusing Logo, alone or in combination with other wording or designs.

5. Defendants be required to pay to Plaintiff both the costs of this civil action and Plaintiff's reasonable attorneys' fees.

6. For compensatory damages to Plaintiff according to proof.

7. The Court find that the acts of Defendant Apollo complained of herein were willful, and award exemplary and punitive damages to Plaintiff.

8.    Plaintiff be awarded such other, different and additional relief as the Court deems just and proper under the circumstances.

Dated:    October 19, 2017      LAW OFFICES OF DIRCK J. EDGE

By: /s/ Dirck J. Edge___      __
    Dirck J. Edge, Attorney for
    Plaintiff, Medical Extrusion
    Technologies, Inc. a California
    corporation

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

By: /s/ Dirck J. Edge___      __
    Dirck J. Edge, Attorney for
    Plaintiff, Medical Extrusion
    Technologies, Inc. a California
    corporation

COMPLAINT