UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL EXTRUSION TECHNOLOGIES, INC., a California corporation,<br><br>                Plaintiff,<br><br>v.<br><br>APOLLO MEDICAL EXTRUSION TECHNOLOGIES, INC., a Delaware corporation,<br><br>                Defendant. | Case No.: 17-cv-2150-AJB-KSC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>**(Doc. No. 5)** |

Before the Court is defendant Apollo Medical Extrusion Technologies, Inc.'s motion to dismiss plaintiff Medical Extrusion Technologies, Inc.'s ("MET") complaint. (Doc. No. 5.) MET opposes the motion. (Doc. No. 8.) For the reasons discussed herein, the Court **DENIES** the motion.

## I. BACKGROUND

The following facts are taken from MET's complaint, (Doc. No. 1), and are construed as true for the limited purpose of resolving the instant motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013) (reasoning that when considering a motion to dismiss, courts presume the facts alleged by the plaintiff are true). Here, MET filed for registration of the mark "Medical Extrusion Technologies" in 2013, which Apollo opposed.

(Doc. No. 1 ¶¶ 6–7.) On August 18, 2017, the Trademark Trial and Appeal Board ("TTAB") issued a final ruling, refusing to register the mark. (Doc. No. 1-2 at 29–30.) Notwithstanding the TTAB decision, MET owns a trademark on its logo, which displays the mark. (Doc. No. 1 ¶ 10.) A typical representation of Applicant's mark is shown below:



(Doc. No. 1-2 at 15.)

Without MET's consent, beginning in 2014, Apollo used the mark as part of its name (Apollo *Medical Extrusion Technologies*) and thus, in its advertising. (Doc. No. 1 ¶¶ 16–17.) Further, Apollo's logo, (Doc. No. 1-4 at 2, shown below), displays the text "Apollo Medical Extrusion Technologies" to the left of three tubes surrounding a globe; MET's logo, (Doc. No. 1-3 at 2), displays the text "MET Medical Extrusion Technologies" to the left of three tubes. MET demanded that Apollo cease and desist use of the mark and its logo, and in response, Apollo began referring to itself as simply "Apollo Medical Extrusion" at trade shows, on its website, and on social media. (Doc. No. 1 ¶ 21.) However, in the latter half of 2015, Apollo resumed calling itself "Apollo Medical Extrusion Technologies" and using its 2014 logo. (*Id.* ¶ 27.) An example of the allegedly confusing logo is shown below:



(Doc. No. 1-4 at 2.)

MET filed its complaint on October 19, 2017, (Doc. No. 1), seeking de novo review of the August 18, 2017 TTAB decision, (Doc. No. 1-2). Additionally, MET alleges

trademark infringement and unfair competition under federal law, and unfair trade practices under California law. (Doc. No. 1.)

## II. LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint; it allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

"The court may dismiss a complaint as a matter of law for (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (internal quotations omitted). However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true and drawing all reasonable inferences in favor of the nonmoving party. *See Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (reasoning that allegations of material fact are accepted as true and reviewed for plausibility, while conclusory statements are ignored); *Twombly*, 550 U.S. at 555 (reasoning that a complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) (reasoning that "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss.").

However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 664.

# III. DISCUSSION

MET seeks de novo review of TTAB's decision refusing to register the mark. (Doc. No. 1 ¶ 1.) Further, MET alleges two federal causes of action and one state law claim. (*Id*.) Apollo seeks to dismiss the appeal and each of the other claims, arguing in each instance that MET did not state a claim upon which relief can be granted. (Doc. No. 5-1 at 1–2.) Since Apollo's arguments for dismissing the federal and state law claims are predicated on dismissing the appeal, the Court will first examine whether MET adequately sought de novo review of the TTAB decision, and then will examine the remaining claims.

## A. MET ADEQUATELY PLEADS ITS REQUEST FOR DE NOVO REVIEW OF THE TTAB DECISION

Apollo contends that MET's appeal of the TTAB decision should be dismissed because MET failed to file its complaint within two calendar months of the TTAB decision, and thus the appeal is time-barred. (Doc. No. 5-1 at 1.) MET argues that the appeal should survive this motion to dismiss because the time limit is 63 days, not two calendar months. (Doc. No. 8 at 2.)

"After the TTAB issues a registration decision, a party 'who is dissatisfied with the decision' may either appeal to the Federal Circuit or file a civil action in district court seeking review." *B&B Hardware, Inc. v. Hargis Indus.*, 135 S. Ct. 1293, 1315 (2015) (citing 15 U.S.C. § 1071(a)(1), (b)(1)). Here, the statute—15 U.S.C. § 1071—lays out broad parameters for such appeals, and the administrative agency—U.S. Patent and Trademark Office ("USPTO")—promulgates rules and regulations delineating specifics. For example, the statute establishes that the time limit for filing an appeal for de novo review is "not less than sixty days, as the Director appoints[.]" 15 U.S.C. § 1071(b)(1). The USPTO instituted the TTAB Rules of Practice, which clarified that "civil action[s] must be commenced no later than sixty-three (63) days after the date of the final decision of the Trademark Trial and Appeal Board or Director." 37 C.F.R. § 2.145(d)(3).

The discrepancy in Apollo's argument arises from its use of the rule as it existed prior to October 7, 2016. The USPTO amended the TTAB Rules of Practice at least nine

4

times since its inception in 1982. On October 7, 2016, "[t]he Office also [changed] the times for filing a notice of appeal or commencing a civil action from two months to sixty-three days (i.e., nine weeks) from the date of the final decision of the Board." Miscellaneous Changes to Trademark Trial and Appeal Board Rules of Practice, 81 Fed. Reg. 69950, 69969 (Oct. 7, 2016). This change was effective as of January 14, 2017. *Id*. at 69988. Thus, though the rule used to delineate two months as the deadline, the rule as it stands today defines a 63 day deadline.

Here, the TTAB decision was dated August 18, 2017. (Doc. No. 1-2 at 1.) MET filed its complaint on October 19, 2017. (Doc. No. 1.) In counting the calendar days, MET filed its complaint on the 62nd day. *See* 37 C.F.R. § 2.145(d)(4)(ii) (stating that "the times specified in this section in days are calendar days"). Thus, the appeal was filed within the statutory and regulatory time limit. Thus, upon a finding that MET sought its de novo review within the applicable time period, the Court **DENIES** Apollo's motion to dismiss the appeal as untimely.

### B. MET'S FEDERAL AND STATE LAW CLAIMS

The Court will briefly address MET's federal and state law claims, each of which Moving Defendants seek to dismiss. Apollo contends that MET's other claims are precluded by TTAB's final judgment. (Doc. No. 5-1 at 2.) MET argues that since the TTAB decision is pending appeal, the previous decision does not have preclusive effect. (Doc. No. 8 at 3–4.)

The TTAB found that the mark was "highly descriptive" and thus did not have "acquired distinctiveness." (Doc. No. 1-2 at 29.) Here, issue preclusion would apply when "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action. . . ." *See B&B Hardware*, 135 S. Ct. at 1303 (internal quotations omitted); *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001).

However, Apollo's reliance on *B&B*'s holding to support its assertion that MET's claims are issue precluded has been rejected before. *See Hanginout, Inc. v. Google, Inc.*,

Case No.13cv2811 AJB (NLS), 2015 WL 11254689, at *3 (S.D. Cal. June 3, 2015). In rejecting the same argument Apollo makes, the Court stated:

> The holding of *B&B* however, is not as far-reaching as Plaintiff contends. *B&B* involved the application of issue preclusion in the context of trademark law and TTAB opposition proceedings. In *B&B*, the TTAB made a determination that one party argued should have an issue-preclusive effect in a related district court proceeding. The Supreme Court recognized that preclusion was not limited to instances where two *courts* evaluated the same issue, and often applied to agency decisions. *B&B* held that issue preclusion could apply to decisions of an administrative agency where the ordinary elements of issue preclusion are met, and the issue adjudicated by the TTAB is materially the same as that before a district court. Because the TTAB decision in *B&B* was not appealed, the Supreme Court resorted to general principles of issue preclusion in reaching its holding. Plaintiff reads *B&B* to support the conclusion that any decision by the TTAB would be binding on issues pending before this Court. Such reliance neglects to account for the appeal mechanism available to a party unsatisfied with a TTAB decision.

*Id.* (internal citations omitted). The Court ultimately held "[r]egardless of how thoroughly an issue is litigated before the TTAB, if the unsuccessful party appeals the decision, deference to the TTAB is no longer efficient." *Id.* at *4. Thus, this Court continues to hold that the issues before the Court are not precluded by TTAB's decision.

However, with that said, MET's trademark infringement, unfair competition, and unfair trade allegations should be stayed pending the resolution of the appeal. The trademark infringement claim, particularly, could become precluded depending on how this Court rules on the MET's appeal of TTAB's decision. In the complaint, MET alleges Apollo infringed by using both the mark and the logo. (Doc. No. 1 at 6.) Thus, if the Court affirms TTAB's decision, MET's argument that Apollo infringed on the mark would be precluded. The Ninth Circuit noted that "[i]n the context of district court litigation, this potential problem [issue preclusion] can be avoided, whether by delaying further proceedings in the second action pending conclusion of the appeal in the first action . . . ." *Id.* at 882–83 (internal quotations omitted).

Here, the Court will follow the Ninth's Circuit's guidance. A court's power to stay proceedings is incidental to its inherent power to control the disposition of its cases in the interests of efficiency and fairness to the court, counsel, and litigants. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). A stay may be granted pending the outcome of other legal proceedings related to the case in the interests of judicial economy. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Ordering a stay in this case will "provide for a just determination of the case[] pending before it." *Id.* at 864. Thus, MET's other claims are hereby **STAYED** pending the outcome of MET's appeal.

## IV. CONCLUSION

The Court **DENIES** Apollo's motion to dismiss, finding MET's appeal is not untimely and is not issue-precluded by TTAB's conclusions. (Doc. No. 5-1.) The Court also **STAYS** the trademark infringement, unfair competition, and unfair trade claims pending the resolution of the Court's ruling on MET's TTAB appeal.

**IT IS SO ORDERED**.

Dated: April 10, 2018

Hon. Anthony J. Battaglia
United States District Judge