UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL EXTRUSION TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> APOLLO MEDICAL EXTRUSION TECHNOLOGIES, INC., <br><br> Defendant. | Case No.: 17cv2150-AJB (MSB) <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED (Doc. No. 33)** |

Presently before the Court is Plaintiff Medical Extrusion Technologies, Inc.'s ("Plaintiff") motion for partial summary judgment, or in the alternative, for an order treating specified facts as established. (Doc. No. 33.) Defendant Apollo Medical Extrusion Technologies, Inc. ("Defendant") filed a statement of non-opposition to the motion. (Doc. No. 34.) For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for partial summary judgment.

**I.    BACKGROUND**

At the heart of the dispute, Plaintiff alleges Defendant infringed on Plaintiff's trademark and logo. (Complaint ("Compl."), Doc. No. 1.) In Plaintiff's first cause of action in its complaint, Plaintiff seeks review of a ruling by the Trademark Trial and Appeal Board

1

denying registration of Plaintiff's trademark. (Compl. ¶ 22–25.) Plaintiff's other claims are for trademark infringement, unfair competition, and unfair trade practices. (*Id.* ¶ 29–39.)

On December 4, 2017, Defendant filed a motion to dismiss, which was denied by the Court on April 10, 2018. (Doc. No. 11.) The Court ruled that Plaintiff's appeal from that decision was timely, but that the trademark infringement, unfair competition, and unfair trade claims should be stayed pending the resolution of the Court's ruling on Plaintiff's TTAB appeal. (*Id.* at 7.)

On January 31, 2020, Plaintiff filed this instant motion. (Doc. No. 33.) On February 7, 2020, Defendant filed a statement of non-opposition. (Doc. No. 34.) This order follows.

## II.     LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party can present evidence that negates an essential element of the nonmoving party's case or demonstrate that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex*, 477 U.S. at 322. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court does not make credibility determinations with respect to evidence offered. *See T.W. Elec.*, 809 F.2d at 630–31 (citing *Matsushita*, 475 U.S. at 587). Summary judgment is therefore not appropriate "where contradictory inferences may reasonably be drawn from undisputed evidentiary facts." *Hollingsworth Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 (9th Cir. 1980).

## III. DISCUSSION

In its motion, Plaintiff states the central issue is whether the trademark "Medical Extrusion Technologies" is descriptive of the goods produced and sold by Plaintiff. (Doc. No. 33-1 at 5.) The TTAB had concluded that "Applicant's proposed mark [Medical Extrusion Technologies] is highly descriptive of Applicant's goods under Section 2(e)(1)." (Compl., Ex. A.) Plaintiff argues TTAB erred, and no reasonable trier of fact could find that "medical extrusion technologies" describes Plaintiff's products. (Doc. No. 33-1 at 7.) Plaintiff argues "technologies" are not physical products, nor are they descriptive of physical products, including the products sold by Plaintiff. (*Id.* at 5.) To support its position, Plaintiff states it engaged an expert linguist who concluded "the phrase 'medical extrusion technologies' is not descriptive of Applicant's [Plaintiff's] products, because it refers to the means of manufacturing those products – a set of specialized processes, procedures, and equipment – rather than the products themselves." (Doc. No. 33-4, Disner Declaration, Exhibit 1 at 14.) In addition, Plaintiff also points out that the Federal Circuit has held in *In re Hutchinson Technology Incorporated*, 852 F.2d 552 (Fed. Cir. 1988) that "technology" does not convey an immediate idea of the "ingredients, qualities, or characteristics of the goods" listed.

In its statement of non-opposition, Defendant states that because the parties have agreed in principal to a settlement of this matter, and dismissal of the entire action with prejudice, Defendant does not oppose the motion. (Doc. No. 34 at 1.) Defendant further

3

provides notice that "subject to negotiation and execution of the full and final settlement agreement, it does not and shall not oppose the entry of an Order reversing the decision by the Trademark Trial and Appeal Board, nor does it oppose this Court's finding that the phrase 'Medical Extrusion Technologies' is not descriptive of any product or service." (*Id.* at 1–2.)

Accordingly, in light of the parties' briefing, particularly Defendant's non-opposition to Plaintiff's motion for partial summary judgment, the Court **GRANTS** Plaintiff's motion for partial summary judgment. The Court concludes the phrase "medical extrusion technologies" is not descriptive of Plaintiff's products. Such a finding is established and binding on all further proceedings in this matter.

**IT IS SO ORDERED.**

Dated: April 17, 2020

Hon. Anthony J. Battaglia
United States District Judge