1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDICAL EXTRUSION TECHNOLOGIES, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>APOLLO MEDICAL EXTRUSION TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant. | **Case No. 3:17-cv-02150-AJB (MSB)**<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING FIRST CAUSE OF ACTION FOR DE NOVO JUDICIAL REVIEW OF TRADEMARK TRIAL AND APPEAL BOARD DECISION** |

Plaintiff Medical Extrusion Technologies, Inc. ("Plaintiff") submitted evidence supporting its First Count in this Action for *De Novo* Judicial Review of Trademark Trial and Appeal Board Decision (the "TTAB Appeal"). Pursuant to an April 5, 2021 Settlement Agreement between the parties (the "Settlement Agreement"), Defendant Apollo Medical Extrusion Technologies, Inc. ("Defendant") does not contest the evidence and agrees to the Court entering a

1

judgment in favor of Plaintiff on the TTAB Appeal in accordance with the terms set forth in the Settlement Agreement.

Having reviewed the evidence submitted by Plaintiff, and in accordance with the Settlement Agreement approved by the Court, the Court finds good cause to adopt the following as to the First Cause of Action asserted in the Complaint, the TTAB Appeal[1]:

**I.  FINDINGS OF FACT.**

1.  On May 7, 2013, Plaintiff filed for registration with the U.S. Patent and Trademark Office ("USPTO") the mark "Medical Extrusion Technologies" (hereinafter the "MET Mark") claiming first use of the MET Mark in September of 1990 and use in commerce since that date (hereinafter the "Application"). The Application was assigned Serial No. 85925459 by the USPTO.

2.  After the MET Mark was approved for publication by the USPTO, Defendant Apollo filed an opposition proceeding on November 20, 2014, objecting to registration of the MET Mark (the "Opposition Proceeding"). The Opposition Proceeding was assigned Opposition No. 91219435.

3.  On August 18, 2017, the Trademark Trial and Appeal Board ("TTAB") issued a final ruling on the Opposition Proceeding against Plaintiff, refusing to register the MET Mark (the "TTAB Ruling"). A true and correct copy of the TTAB Ruling is attached hereto as Exhibit "A" and is incorporated herein by this reference.

4.  Plaintiff filed the TTAB Appeal with this Court claiming jurisdiction under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, § 21(b) of the Federal

---

[1] These findings of fact, conclusions of law, and decision set forth herein are limited to Plaintiff's First Cause of Action, the TTAB Appeal. Upon entry of the Order as substantially set forth herein, the Plaintiff, pursuant to the Settlement Agreement between the parties, will file, within five (5) court days, a Request for Dismissal with Prejudice of the Complaint's remaining three causes of action (i.e., the Second, Third and Fourth Causes of Action).

Trademark Act, 15 U.S.C. § 107(b) and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

    5.    Plaintiff submitted the following evidence in support of its TTAB Appeal claim which Defendant is not contesting:

- Expert Report of Linguistics Professor Sandra Ferrari Disner, PH.D. (Dkt. 33): Professor Disner, who's qualifications were not disputed, concluded that the phrase "medical extrusion technologies" is not descriptive of Applicant's [Plaintiff's] products, because it refers to the means of manufacturing those products – a set of specialized processes, procedures, and equipment – rather than the products themselves.

- Declaration of Plaintiff's President Tom E. Bauer (Dkt. 46-3): Mr. Bauer testified that:
    i. Plaintiff has continuously used the MET Mark in commerce for more than 20 years, beginning in 1990, by selling goods distinguished by the MET Mark continuously during the same period, as well as advertising and promoting goods distinguished by the MET Mark during the same period;
    ii. Plaintiff is the only manufacturer in its industry to use the MET Mark as a specific identifier of its company's products or as a trade name;
    iii. For at least the last 20 consecutive years, Plaintiff has attended trade shows in the medical device industry to promote its products and services, and displayed at such trade shows the MET Mark, both on signs and in brochures or hand-outs, in connection with the promotion of its products and services;
    iv. For at least the last 15 consecutive years, Plaintiff has purchased advertising each year in at least three trade

|   |   |
|---|---|
| 1 | publications popular in the relevant industry, including MDM, MPMN and MPO, which set forth the MET Mark in connection with promotion of products and services of Plaintiff; |
| v. | The extrusions Plaintiff produces are sold in a market where all of the major manufacturers are well known, and Plaintiff has been a prominent, well known manufacturer in this market by all of the major customers for more than 25 years; |
| vi. | The MET Mark has gained general acceptance within the medical device industry as a distinctive identifier of the products and services provided by Plaintiff, and it has had such general acceptance for at least the last 25 years; |
| vii. | Plaintiff is prominent in the medical device industry, well known by all of the major customers under the trade name "Medical Extrusion Technologies" and is one of the largest suppliers of extruded product for the medical device industry; |
| viii. | Plaintiff has grown from its start as a two-person operation, its advertising and promotional expenses related to the MET Mark have also grown and have exceeded $100,000 per year for at least the most recent 10 years. |

## II. CONCLUSIONS OF LAW.

1. This Court has jurisdiction over the TTAB Appeal under § 39 of the Federal Trademark Act, 15 U.S.C. § 1121, § 21(b) of the Federal Trademark Act, 15 U.S.C. § 107(b) and the Judicial Code, 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

2. The Court accepts Plaintiff's position that the phrase "medical extrusion technologies" is not "merely descriptive" of Plaintiff's products under Section 2(e)(1) of the Trademark Act, 15 U.S.C. § 1052(e)(1).

3. In addition, Plaintiff has met its burden establishing that the MET Mark has acquired distinctiveness as a source-indicator for Plaintiff's medical extrusion goods under Section 2(f) of 15 U.S.C. § 1052(f).

4. The USPTO erred in rejecting Plaintiff's Application under Section 2(f) of the Trademark Act, 15 U.S.C. § 1052(f).

5. Plaintiff is entitled to an Order from this Court reversing the decision of the TTAB in Opposition No. 91219435 and directing the United States Patent and Trademark Office to register the MET Mark on the Principal register in accordance with Plaintiff's Application No. 85925459.

IT IS SO ORDERED.

Dated: April 13, 2021

Hon. Anthony J. Battaglia
United States District Judge